IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ALVIN COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action 4:07CV00032 |
| ) | |
| R.V. WORSHAM, individually and in his official ) | |
| capacity as an officer of the City of Danville, Virginia; ) | |
| H.S. WYATT, individually and in his official ) | |
| capacity as an officer of the City of Danville, Virginia; ) | |
| J.W. RIGGINS, individually and in his official ) | |
| capacity as an officer of the City of Danville, Virginia; and ) | |
| THE CITY OF DANVILLE, VIRGINIA, ) | |
| ) | |
| Defendants. ) | |

MOTION TO STAY DISCOVERY
AND
MEMORANDUM IN SUPPORT THEREOF

COME NOW the Defendants, by counsel, and move this Court for an Order staying any discovery in this case pending the adjudication of the Motion to Dismiss filed on behalf of the Defendants herein on September 12, 2007.

PROCEDURAL HISTORY

On August 3, 2007, the Plaintiff initiated this case by filing a Complaint against the Defendants. On September 12, 2007, the Defendants filed a Motion to Dismiss and Memorandum in Support pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules") on the grounds that, *inter alia*, the Plaintiff had failed to state any claim upon which relief can be granted against the Defendants. On October 1, 2007, the Plaintiff filed a Memorandum of Law in Support of Plaintiff's Complaint. On October 8, 2007, the Defendants

filed a Reply Memorandum In Support of their Motion To Dismiss. Counsel for the Defendants intends to pursue the scheduling of a hearing on the Motion to Dismiss on the earliest date available.

On October 5, 2007, the Plaintiff filed a "Discovery Request" in which he, *inter alia,* requests the production of documentary evidence.

As of the date of the filing of this motion, the parties have not conferred as contemplated under Rule 26(f) of the Rules.

## ARGUMENT

The Defendants' Motion to Stay Discovery in this case pending the Court's ruling on Defendants' Motion to Dismiss is predicated on two things.

First, due to the filing of the Motion to Dismiss and the fact that the Plaintiff is proceeding *pro se,* the parties have yet to confer regarding the matters set out under Rule 26(f) of the Rules. Under Rule 26(d), with limited exception, no party may pursue discovery until after the Rule 26(f) conference has been held. Such a conference should be held prior to either side pursuing discovery so that compliance with the Rules can be achieved and the parties can attempt to reach an agreement regarding certain discovery issues, including, *inter alia*, the exchange of the initial disclosures required by Rule 26(a)(1), and the development of a discovery plan including the limitation of the scope of discovery consistent with the nature and extent of the Plaintiff's claims and the qualified immunity bar asserted on behalf of the Defendants.

Second, the Defendants should not be subjected to the discovery process until after a determination has been made on the Motion to Dismiss. The Defendants should be required to respond to discovery only if and when it is determined that the Plaintiff has stated a claim upon which his requested relied can be granted. Burdens associated with responding to discovery

prior to such a determination

Third, if the Plaintiff survives the Motion to Dismiss, limitation of initial discovery to those issues related to the qualified immunity bar that has been asserted is warranted in this case, and the Defendants therefore intend to request this Court to enter an Order limiting discover in such manner. It is well-established that qualified immunity bars civil liability "if a reasonable officer possessing the same information could have believed that his conduct was lawful…" *Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir.1991) (citing *Anderson v. Creighton*, 483 U.S. 635, 640-41 (1987)); *see also McLenagan v. Karnes*, 27 F.3d 1002, 1006-07 (4th Cir.1994). Discovery in a § 1983 case initially is limited to the issue of qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until the threshold immunity question is resolved, discovery should not be allowed."); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold issue before permitting discovery."). Given that the analysis of qualified immunity must relate to the objective "reasonableness" of the officers' actions in this case, the scope of discovery should be limited to the officers' impressions and observations during the subject incident. The conduct of open-ended discovery prior to resolving the qualified immunity issue would impose an undue burden on the Defendants and undermine the purpose and intended benefits associated with the recognition of qualified immunity. Consideration of the public policies underlying qualified immunity and judicial economy concerns underscore the propriety of limiting discovery pending this Court's consideration of the qualified immunity issues raised by the Defendants.

## CONCLUSION

Accordingly, for the reasons set forth above, the Defendants respectfully submit that discovery against all Defendants should be stayed pending a determination of the Motion to

Dismiss, and until such time as the scope of any discovery has been limited to the issues of qualified immunity.

                                                        R.V. WORSHAM
                                                        H.S. WYATT
                                                        J.W. RIGGINS
                                                        and
                                                        THE CITY OF DANVILLE, VIRGINIA


                                                        By Counsel


Counsel:


s/ M. Brent Saunders, Esquire
Martha White Medley, Esq. (Virginia State Bar Number 21171)
M. Brent Saunders, Esq. (Virginia State Bar Number 43168)
DANIEL, MEDLEY & KIRBY, P. C.
110 North Union Street
Post Office Box 720
Danville, Virginia 24543-0720
Telephone (434) 792-3911
Facsimile (434) 793-5724


## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing Motion to Stay Discovery and Memorandum in Support Thereof with the Clerk of this Court using the CM/ECF system and that a true copy thereof was sent, via first-class mail, postage prepaid, to Alvin Cooper, *pro se*, 178 Bell Drive, Danville, Virginia 24541, on this the 9th day of October, 2007.

                                                                         s/ M. Brent Saunders, Esquire