IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ALVIN COOPER, | ) |
| | ) Case No. 4:07CV00032 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| R.V. WORSHAM, *et al.*, | ) |
| | ) By: Jackson L. Kiser |
| Defendants. | ) Senior United States District Judge |

Before me are 1) Defendants' Motion to Dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, 2) Defendants' Motion to Quash Plaintiff's Motion for a More Definite Statement, and 3) Defendants' Motion to Stay Discovery. For the reasons herein, the Motion to Dismiss will be **GRANTED** with regard to the City of Danville, and **GRANTED in part** and **DENIED in part** with respect to officers R.V. Worsham, H.S. Wyatt, and J.W. Riggins. Further, Defendants' Motion to Quash and Motion to Stay Discovery will be **GRANTED**.

I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

Facts alleged in Cooper's complaint: At approximately 6:30 p.m. on July 25, 2006, Plaintiff Alvin Cooper ("Cooper") was pulled over by Defendant Officer R.V. Worsham ("Worsham") for driving with an expired city decal. (Compl. ¶ VII.) The City of Danville no longer requires decals. (Compl. ¶ VII.) Cooper urges that his seizure and subsequent arrest were based solely on his race. (Compl. ¶ XIII.)

Defendant Officer H.S. Wyatt ("Wyatt") removed Cooper from his vehicle and required

1

Cooper to put his hands on the trunk. (Compl. ¶ VIII.) Without permission, and over Cooper's objection, Wyatt searched Cooper's clothing, retrieving a "plastic item" which tested as cocaine from Cooper's pant pockets. (Compl. ¶ VIII.) Wyatt then twisted Cooper's arms behind his back and handcuffed him, causing severe pain to Cooper. (Compl. ¶ IX.)

Worsham then searched Cooper's shirt pocket without permission. (Compl. ¶ X.) Worsham also searched under Cooper's hood. (Compl. ¶ X.) Upon Cooper's arrest, and over Cooper's request to have a family member drive his vehicle home, Worsham had the vehicle towed, which cost Cooper one-hundred and twenty-five dollars ($125). (Compl. ¶ X.)

Defendant J.W. Riggins ("Riggins") had his police dog sniff-search Cooper's car, inside and out. (Compl. ¶ XI.) Riggins also personally searched the inside of Cooper's car without permission. (Compl. ¶ XI.)

The Police Department and Board of Commissioners of Danville were well aware of the practice of illegal search and injury to persons of Cooper's race, and failed to implement measures to alleviate the practice, thereby adopting it as their custom or policy. (Compl. ¶ XIII.)

Cooper alleges bodily injury and emotional distress. He required at least three-hundred dollars ($300) of medical care, lost earnings of at least seventy-five dollars ($75), and was liable for the recovery of his vehicle. (Compl. ¶ XVI.) Cooper demands judgment in the amount of one-hundred thousand, three-hundred seventy-five dollars ($100,375.00) in general damages and two-hundred fifty thousand dollars ($250,000) in punitive damages. (Compl. ¶ XVI.)

Procedural History: Cooper filed his Complaint, along with thirteen (13) attachments, on August 3, 2007. Defendants filed an Answer and a Motion to Dismiss on September 12, 2007. Cooper then filed a Motion for a More Definite Statement on September 27, 2007, in which Cooper alleges a separate unlawful search by Riggins on December 18, 2006. Defendants

moved to quash the Motion for More Definite Statement on September 28, 2007.

Cooper filed a Memorandum of Law in Support of Plaintiff's Complaint on October 1, 2007, and an Affidavit on October 2, 2007. These items largely restate the allegations in the Complaint. Together or individually they could be construed as a Response to the Motion to Dismiss. In fact, in their Reply to Response to Motion to Dismiss, filed October 8, 2007, Defendants do treat the Memorandum of Law as a Response.

On October 10, 2007, Cooper filed a Motion for Leave to File an Amended Complaint, in which he states that he is not seeking compensation for the unlawful search that occurred in December. (Pl.'s Mot. 1.) Further, Cooper argues that he has in fact stated a claim, and should the Court not find so, he should be allowed to file an amended complaint. This could also be read as a response to the Motion to Dismiss. Defendants filed a Memorandum in Opposition to this motion on October 24, 2007.

Lastly, on October 5, 2007, Cooper filed a Motion for Discovery Request in which he requests any signed document showing his consent and the videotape of the traffic stop. On October 9, 2007, Defendants moved to stay this motion pending a ruling on the Motion to Dismiss.

A hearing was held on November 6, 2007 for 1) the Motion to Dismiss, 2) the Motion to Stay Discovery, and 3) the Motion to Quash Plaintiff's Motion for a More Definite Statement. The hearing notice did not cover the Motion for Leave to File an Amended Complaint. However, that Motion only requested leave if I found that the Complaint did not state a claim. Because I find that the Complaint is sufficient, that Motion is moot.

## II. STANDARD OF REVIEW

Dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure is

3

limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D.Va. 1996) (internal quotation omitted). When "considering a motion to dismiss, the court should accept as true all well-pleaded allegations" and construe those allegations in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkar*, 7 F.3d 1130, 1134 (4th Cir. 1993). While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." *Id*.

### III. DISCUSSION

<u>The Motion to Stay Discovery</u>: The Motion to Stay Discovery is based on two grounds. First, it is urged that the Discovery Motion is premature because there has not yet been a determination on the Motion to Dismiss. This point is moot.

Second, the Discovery Motion is premature because the parties have yet to have a Rule 26(f) conference. Under Federal Rule of Civil Procedure 26(d), parties should not pursue discovery until after such conference. Granting such motion until after ruling on the Motion to Dismiss and the Rule 26(f) conference does not adversely affect either party. Therefore, the Motion to Stay Discovery will be GRANTED for this limited time.

Lastly, Defendants suggest that, should Cooper survive the Motion to Dismiss, the Defendants intend to request an order limiting discovery to issues related to qualified immunity. This future motion would not limit in any way the items that Cooper has so far requested, which include only any item showing his consent and any videotape of the arrest.

4

Motion to Quash Plaintiff's Motion for a More Definite Statement: The Motion for More Definite Statement is not what its title suggests. Rather, it is a recitation of many of the same facts in the Complaint, and adds an allegation of harassment against Riggins based on a second stop and search that occurred in December 2006. Further, the monetary demands change slightly. In the final sentence of his motion, Cooper asks that this motion be considered a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d).

Rule 15(d) states that a court may "permit the party to serve a supplemental pleading setting forth transactions of occurrences or events which happened since the date of the pleading sought to be supplemented." Here, Cooper seeks to introduce an event from December 2006, though he filed his original Complaint in August 2007. Therefore, Rule 15(d) can provide no relief to Cooper, and on these grounds the Motion to Quash will be GRANTED.

It is possible to construe the motion as an attempt to amend the Complaint under Rule 15(a). Because responsive pleadings have already been filed, Cooper may only amend the pleadings by leave of court. Such "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Cooper describes the second search as arising out of a "routine traffic stop." (Pl. Mot. for More Definite Statement 4.) While he was stopped, Riggins had his police dog sniff around the car. So long as it does not unnecessarily prolong the stop, having a police dog sniff the outside of a vehicle is not a cognizable infringement on a driver's Fourth Amendment rights. *Illinois v. Caballes*, 543 U.S. 405, 408 (2005). Hence, his actions were not unlawful, and can not along with only one other stop be part of ongoing harassment. Therefore, since the pleadings here do not advance any of the original pleadings, there is no reason to admit them as amendments under Rule 15(a). Therefore, on these grounds also the Motion to Quash will be GRANTED.

5

The Motion to Dismiss: Though Cooper does not separate out his claims against each of the officers, it is clear that he intends to state causes of action against each defendant under 42 U.S.C. § 1983 for deprivation of rights secured by the Constitution. There is no question that each defendant acted under color of law here. The remaining questions are 1) whether constitutional violations occurred, and 2) whether the defendants are entitled to qualified immunity.

City of Danville: The City of Danville is a municipal corporation in Virginia, and the police department is merely a unit of the City. While a city is among the class of suitable "persons" liable under § 1983, it is not liable for the harms inflicted by its officers on a vicarious liability or *respondeat superior* basis. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A city can only be held liable if the officer was acting pursuant to some law, custom, or policy of the city. These requirements can be satisfied by legislative enactments, individual decisions of policy makers, or even failure of training or screening.

Here, Cooper alleges that the City has adopted unconstitutional police actions as standard policy by failing to adopt measures to alleviate these types of injuries. (Compl. ¶ XIII.) However, attached to Cooper's Memorandum of Law in Support of Plaintiff's Complaint, which may be treated as a response to the Motion to Dismiss, are two memoranda labeled "City of Danville Police Department Policy and Procedures." Each of these attachments detail the City's policy on searches and seizures, including consent searches. Hence, though the Complaint alleges an adoption of one policy, the attachments, which are admissions by Cooper, demonstrate a proper policy. Because the allegations in the Complaint are contrary to the evidence, they need not be assumed true.

Though it is possible to have a custom or unofficial policy in contradiction with an

6

official written policy, demonstrating the unofficial policy requires more than a mere allegation of acquiescence without proof of other incidents. A complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1965. Here, that is what Cooper has done. Therefore, Cooper has failed to state a claim upon which relief can be granted under § 1983 as to the City of Danville and the Motion to Dismiss with regards to the City will be GRANTED.

<u>Defendant Police Officers</u>

For the same reasons, the Motion to Dismiss will be GRANTED with respect to the police officers in their official capacity.

Cooper bases the § 1983 claims on the Fourth Amendment's prohibition on unreasonable searches and seizures, which the officers violated by conducting an unlawful search and by using excessive force. To establish a Fourth Amendment violation, Cooper must show that the officers' actions were unreasonable when judged by an objective standard in light of the facts and circumstances confronting the officer. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Even if the violation was unreasonable, the officers may still be insulated from damages if qualified immunity applies. It is important, then, to understand the actions of each officer.

*Officer J.W. Riggins*: After the other officers found cocaine on Cooper, Riggins had his police dog sniff-search Cooper's car, inside and out. (Compl. ¶ XI.) Riggins also personally searched the inside of Cooper's car without permission. (Compl. ¶ XI.) If Riggins was unaware of the allegedly unconstitutional search, then the facts and circumstances confronting Riggins would be consistent with a search incident to arrest, which would not be a constitutional violation. The Complaint is not precise on Riggins's awareness, but at this juncture the inference must be made in Cooper's favor. *Scott v. Harris*, 127 S. Ct. 1769, 1774–75 (2007). In such a

7

posture, Cooper has claimed a constitutional violation. Further, qualified immunity does not protect Riggins because the unconstitutionality of a non-consensual search is clearly established. Hence, Cooper has stated a claim against Riggins and the Motion to Dismiss with regards to Riggins will be DENIED.

*Officer Worsham*: Cooper alleges that Worsham violated his rights in three ways. First, Cooper was pulled over by Worsham for driving with an expired city decal, which Danville no longer requires. (Compl. ¶ VII.) Cooper urges that this seizure was based solely on his race. (Compl. ¶ XIII.) However, except for stating so, Cooper gives no facts to back up his conclusory allegation. To the extent that Cooper attempts to state separate due process or equal protection claims, Cooper has failed.

Stopping a motorist for no reason or simply because of his race is clearly an unconstitutional seizure. Here, Worsham stopped Cooper because of a violation of a defunct regulation. This is insufficient to establish that the facts and circumstances justified his actions or that he would be protected by qualified immunity due to good faith. Quite simply, a police officer should know when the city no longer requires vehicle decals and good faith in this situation is difficult to comprehend. Therefore, the Motion to Dismiss on this issue will be DENIED.

Second, after Wyatt found cocaine on Cooper, Worsham searched Cooper's shirt pocket without permission. (Compl. ¶ X.) Worsham then searched under the hood of Cooper's vehicle. (Compl. ¶ X.) If Worsham did not know that the original search was non-consensual, then after Wyatt found cocaine on Cooper, the facts and circumstances would suggest Worsham that he would be authorized to perform this search incident to arrest. The officers would then be allowed to search Cooper's person and the interior of his car. *New York v. Belton*, 453 U.S. 454,

8

Case 4:07-cv-00032-JLK-mfu   Document 32   Filed 11/19/07   Page 8 of 11   Pageid#: 148

460 (1981). As with Riggins, Worsham's awareness of the consent for the original search must be inferred in favor of Cooper. *Scott*, 127 S. Ct. at 1774–75. Therefore on this point the Motion to Dismiss will be DENIED.

If it is eventually found that the search was consensual, Worsham can rely on the automobile exception to justify his search under the hood of the car. The automobile exception allows searches of the entire car if probable cause exists to believe that the car contains contraband or the fruits or instrumentalities of crime. *Maryland v. Dyson*, 527 U.S. 465, 467 (1999). Where a driver has been found to have contraband on his person, sufficient probable cause exists. Alternatively, it is possible that such search would have been consistent with an inventory search. *Colorado v. Bertine*, 479 U.S. 367, 369 (1987). However, Worsham's reliance on these exceptions or on qualified immunity depends on his unawareness as to the Cooper's alleged lack of consent. Therefore, on this issue, the Motion to Dismiss Officer Worsham will be DENIED.

Third, upon Cooper's arrest, and over Cooper's request to have a family member drive his vehicle home, Worsham had the vehicle towed, which cost Cooper one-hundred twenty-five dollars ($125). (Compl. ¶ X.) Police officers are allowed to have a car towed to remove it from a public street after an arrest of the driver. *Colorado*, 479 U.S. at 369. Further, even if it could be established that this did violate his constitutional rights, this right is not clearly established and, thus, qualified immunity would apply. Therefore, on this issue the Motion to Dismiss will be GRANTED. However, should Cooper establish his remaining claims, the towing fee would likely be included in the consequential damages.

*Officer Wyatt*: Wyatt removed Cooper from the vehicle and required Cooper to put his hands on the trunk. (Compl. ¶ VIII.) Without permission, and over Cooper's objection, Wyatt

9

searched Cooper's clothing, retrieving a "plastic item" which tested as cocaine from Cooper's pant pockets. (Compl. ¶ VIII.) Wyatt then twisted Cooper's arms behind his back and handcuffed him, causing severe pain to Cooper. (Compl. ¶ IX.)

Upon pulling a driver over, officers with articulable suspicion are allowed to remove a driver from his vehicle. *Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977). With reasonable suspicion, the officers may then frisk that person. *Terry v. Ohio*, 392 U.S. 1, 29–30 (1968). During that pat-down, an officer may remove an item from a person if the officer could reasonably have thought that the item was a weapon or contraband from the outside. *United States v. Raymond*, 152 F.3d 309, 312 (4th Cir. 1998). Here, the officer felt a plastic container. It is difficult to see how Wyatt could have known that this was contraband, and therefore had no right to remove it from Cooper's clothing. *Id*. Wyatt would not be protected by good faith or by qualified immunity, as this is clearly established law. Therefore, on this point the Motion to Dismiss will be DENIED.

Next, Cooper alleges that Wyatt used unreasonable force in effectuating his arrest. (Compl. ¶ IX.) An officer is obviously allowed to use force, though that force may not be excessive. Cooper alleges that he was not struggling at all, and that Wyatt used unreasonable force in twisting his arms back. This is inherently a factual question. Wyatt may still be protected by qualified immunity if it can be shown that he acted in good faith. However, the allegations taken together do not allow for that inference. Given the posture here, the facts must be assumed in Cooper's favor. *Scott*, 127 S. Ct. at 1774–75. Therefore, on this point the Motion to Dismiss will be DENIED.

Lastly, it is unclear whether Wyatt was also involved in the allegedly unlawful stop of Cooper. If so, he may be liable in a similar manner to Worsham above.

10

Punitive Damages: In the Motion to Dismiss, Defendants argue that the allegations are insufficient to state a claim for punitive damages and that punitive damages would be barred by the Eighth Amendment. Dispatching the latter argument first, it is well established that punitive damages may be available in §1983 actions. *Smith v. Wade*, 461 U.S. 30 (1983). These damages are available when it is shown that the conduct was motivated by malice, or when it involves reckless or callous indifference to federally protected rights. A fact-finder could find that a non-consensual search incident to a traffic stop for a traffic regulation known to be defunct would satisfy this standard. Therefore, the request to eliminate the demand for punitive damages will be DENIED.

## IV. CONCLUSION

For the reasons stated herein, 1) the Motion to Stay Discovery will be **GRANTED**, 2) the Motion to Quash the Motion for More Definite Statement will be **GRANTED**, and 3) the Motion to Dismiss will be **GRANTED** with respect to the City of Danville, and will be **GRANTED in part** and **DENIED in part** with respect to officers Worsham, Wyatt, and Riggins.

Entered this 19th day of November, 2007.

s/Jackson L. Kiser
Senior United States District Judge

11