IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| ALVIN COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 4:07CV00032 |
| | ) | |
| R.V. WORSHAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION REQUESTING DISCOVERY PURSUANT TO RULE 26</u>

COME NOW your Defendants, R.V. Worsham, H.S. Wyatt and J.W. Riggins, by and through their counsel, and state the following in response to the Plaintiff's Motion Requesting Discovery Pursuant to Rule 26.

**I.     Introduction**

In this lawsuit, the Plaintiff seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights under color of law. This case was initiated against the above-named individual police officers and the City of Danville.

On September 12, 2007, the Defendants filed a Motion to Dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the Plaintiff had failed to state a claim upon which relief could be granted. On November 19, 2007, this Court issued an Order and Memorandum Opinion pursuant to which, *inter alia,* all claims against the City of Danville and the individual police officers in their official capacities were dismissed. Thus, at this stage, the claims remaining for adjudication are limited to the constitutional violation allegations against the individual officers in their individual capacities.

In the November 19, 2007 Order and Memorandum Opinion, the Court also granted the Defendants' Motion to Stay Discovery pending completion of the Rule 26(f) conference, which had not yet been conducted due to the filing of the Motion to Dismiss. Following the issuance of the November 19, 2007 Order and Memorandum Opinion, counsel for the Defendants immediately attempted to schedule the Rule 26(f) conference, and on November 29, 2007, counsel for the Defendants participated in a teleconference with the Plaintiff for that purpose. Among other things, counsel for the Defendants attempted to discuss with the Plaintiff the restriction of initial discovery to issues related to the qualified immunity bar asserted on behalf of the individual officers in their individual capacities. As set out in defense counsel's letter to The Honorable Jackson L. Kiser dated November 29, 2007, the Plaintiff refused to consent to the proposed limitation on discovery, became verbally combative, and ended the call prior to the completion of the conference and before an agreement could be reached with regard to initial disclosures, the protection of certain confidential information and documentation, or any other discovery matters.

## II.     Argument and Authority

The Defendants have no objection to the Plaintiff pursuing discovery in accordance with the Rules within the scope of the Plaintiff's remaining claims and under the following conditions:

First, consistent with Rule 26(d), that a discovery plan be formulated that includes provisions related to the exchange of initial disclosures prior to the Defendants being required to respond to any of the Plaintiff's discovery requests.

Second, that the scope of the Plaintiff's discovery be limited to the issue of qualified immunity for the reasons stated in the Motion to Limit Discovery and Memorandum in Support filed on behalf of the Defendants on November 30, 2007.

Third, that the receipt by the Plaintiff of any confidential information and documentation be made subject to an order of protection as set out in the Motion for Protective Order and Memorandum in Support filed on behalf of the Defendants on November 30, 2007. Such an order of protection is appropriate in this case given the anticipated requests for information and documentation that is confidential in nature and not generally available to the public under the Virginia Freedom of Information Act (§§2.2-3700 *et seq.* of the Code of Virginia, 1950, as amended), including, *inter alia*, evidence related to criminal investigations, case files and reports, citizen complaints and internal affairs documents.

In addition to the foregoing, the Defendants request that the Plaintiff be ordered to cease and desist filing discovery requests and documents with the Court except as may be authorized or otherwise appropriate under the Rules.

### III. Conclusion

For the reasons stated above, your Defendants, R.V. Worsham, H.S. Wyatt and J.W. Riggins, respectfully request this Court to deny the Plaintiff's Motion Requesting Discovery Pursuant to Rule 26, and to grant the relief requested by the Defendants herein and as set out in their Motion to Limit Discovery and Memorandum in Support and Motion for Protective Order and Memorandum in Support previously filed herein.

                                                   R.V. WORSHAM
                                                   H.S. WYATT
                                                   and
                                                   J.W. RIGGINS
                                                   By Counsel

Counsel:

s/ M. Brent Saunders, Esquire
Martha White Medley, Esq. (Virginia State Bar Number 21171)
M. Brent Saunders, Esq. (Virginia State Bar Number 43168)
DANIEL, MEDLEY & KIRBY, P. C.
110 North Union Street
Post Office Box 720
Danville, Virginia 24543-0720
Telephone (434) 792-3911
Facsimile (434) 793-5724

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Defendants' Memorandum in Opposition to the Plaintiff's Motion Requesting Discovery Pursuant to Rule 26 with the Clerk of this Court using the CM/ECF system and that a true copy thereof was sent, via first-class mail, postage prepaid, to Alvin Cooper, *pro se*, 178 Bell Drive, Danville, Virginia 24541, on this the 20th day of December, 2007.

s/ M. Brent Saunders, Esquire

4