IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| ALVIN COOPER, | ) | |
| | ) | Case No. 4:07CV00032 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| R.V. WORSHAM, *et al.*, | ) | |
| | ) | By: Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |
| | ) | |
| | ) | |
| | ) | |

Before me are 1) Defendants' Motion for Summary Judgment [69], and 2) Plaintiff's

Motion for Summary Judgment [73]. Because it relies on facts still in dispute, Plaintiff's Motion

will be DENIED. However, because Plaintiff is appearing pro-se, his Motion will be treated as a

Response to Defendants' Motion. For the reasons herein, Defendants' Motion for Summary

Judgment will be **GRANTED in part** and **DENIED in part**.

I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

A sufficiently detailed overview of the facts alleged in this case can be found in the

Memorandum Opinion filed November 19, 2007 [32]. The parties have now completed

discovery, and have advised me of further facts.

Officer Worsham gives three reasons for pulling Cooper over: 1) the expired decal in the

window violated the statute prohibiting the operation of a motor vehicle with unauthorized

material on the windshield, 2) Cooper had an object hanging from the rearview mirror, which is

prohibited; and 3) Cooper had moved but had not notified the DMV of such move. On this last

point Officer Worsham claims he was personally aware that Cooper had moved (from seeing him

1

daily at another address and from an investigation of Cooper's drug activities at the new address) and found out from another officer and later from his own check that Cooper had not changed his address. (Def. Br. Ex. A at 2–3.)

While Worsham was checking the registration and license, Officer Wyatt says that he asked Cooper three times if he, Wyatt, could check the vehicle and Cooper eventually gave him permission. (Def. Br. Ex. B at 3–4.) Officer Wyatt also asked to search Cooper's person and Cooper agreed. (*Id.*) Upon searching his pants, Wyatt found a baggie containing cocaine. Cooper then said that the officers could search the vehicle but not him, and the officers ceased their search of him except for a pat-down for weapons. (*Id.* at 4.)

The evidence was thrown out in the state court because the judge found that Cooper's consent was not unequivocal. (Def. Br. Ex. F at 8.) Beyond this, the judge provided his opinion that the officers acted with good intentions and that their failure to make sure Cooper's consent was unequivocal was in good faith. (*Id.*) This opinion is simply that, and it does not affect my assessment of the present Motion.

Cooper also alleged excessive force. When Cooper was being placed under arrest he resisted by jerking away and grabbing Officer Wyatt's hand to stop Wyatt from searching Cooper's shirt pocket, which contained drugs. (Def. Br. Ex. A at 6.) He was held and handcuffed. (*Id.*) Cooper never claimed excessive force in his complaints to the police department, nor did he see a doctor until ten months after the incident.

Cooper also claims race discrimination. There is no evidence to support this other than Cooper's unsupported opinion.

Defendants have supplied a video recording of the traffic stop taken by the camera on the police cruiser's dashboard. This camera records when the cruiser's flashing lights are turned on.

2

Unfortunately, the video does not have any sound. It cuts off before Cooper's actual handcuffing.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Federal Rule of Civil Procedure 56(c). The court must view the facts and the inferences to be drawn from them in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). A genuine issue of material fact exists if reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## III.    DISCUSSION

It is undisputed that Cooper had an object hanging from his rear-view mirror. Having an object that impedes the driver's view of the road through the windshield is barred by Virginia Code § 46.2-1054. There was thus sufficient probable cause for Officer Worsham to pull Cooper over. *See Commonwealth v. Bryant*, 2004 Va. App. LEXIS 283, *13 (Va. Ct. App. June 15, 2004). Other reasons given for the stop are immaterial. Given its proper nature, no liability can lie for the original stop.

Next, while Officer Worsham was calling dispatch, Officer Wyatt approached Cooper. The words exchanged between the two are in dispute, but at this juncture they must be viewed in a light most favorable to Cooper. In this light, Cooper did not give consent to be searched, but was ordered out of the vehicle and searched despite his original protest. The video is ambiguous as to this fact. Though it could support Defendants' interpretation of the facts, it could just as easily support Cooper's. This is a question of credibility which is tailor-made for a jury. As I

3

discussed in my prior Memorandum Opinion, liability may be found for this non-consensual search, and recovery is not barred by qualified immunity.

What is clear from the video is that the only officer involved in the initial conversation with Cooper is Wyatt. As I explained in the my earlier Memorandum Opinion, if Cooper had actually given consent to the original search, then the subsequent searches by other officers would have been proper. Even if Cooper did not actually give consent to Wyatt, this would not have been apparent to the other officers. Therefore, Officer Riggins reasonably believed that his search of Cooper's vehicle was incident to arrest. Further, Officer Worsham's search of Cooper's shirt pocket was also in good faith.

Cooper also claims excessive force was used by Officer Wyatt. Cooper, in his Affidavit [75], claims that "Officer Wyatt forcefully twisted both of [his] arms behind [his] back, causing severe pain to [his] neck, rotary cups [*sic*], and shoulders." Defendants point out that while Cooper was being placed under arrest he resisted by jerking away and grabbing Officer Wyatt's hand to stop Wyatt from searching Cooper's shirt pocket, which contained drugs. (Def. Br. Ex. A at 6.) He was then held and handcuffed. (*Id.*) Cooper never claimed excessive force in his complaints to the police department, nor did he see a doctor until ten months after the incident. (Pl. Comp. Ex. 8.)

In his Complaint, Cooper states that he did not "resist arrest or hit anyone," nor did he "do anything to provoke the assault upon him." (Compl. ¶ IX.) However, the officers' testimony on this subject is undisputed, and the Complaint itself is not evidence that can be considered at this stage.

"[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor,* 490 U.S. 386, 397 (1989).

4

Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396. It is necessary to consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest." *Id.* Further, the severity of the injury must be considered. *Bates ex rel. Johns v. Chesterfield County, Va.*, 216 F.3d 367, 372 (4th Cir. 2000) (*citing Dean v. City of Worcester*, 924 F.2d 364, 369 (1st Cir. 1991)).

Here, it is unclear whether the officers felt that Cooper posed a threat to their safety. However, Cooper was resisting arrest. Also, Cooper's injuries were not severe. In *Bates*, the plaintiff, an autistic man, resisted arrest and received cuts, scrapes, and bruises in the struggle. *Id.* Further, "the attending paramedic saw no need to take Bates to the hospital." *Id.* Taking these factors into account along with the level of Bates's resistance, the Fourth Circuit agreed with the district court that the force was not excessive. *Id.*

Here, Cooper resisted, though admittedly this was not the "fierce resistance" described in *Bates*. However, nor are the injuries here as severe as those in *Bates*. Cooper did not receive medical care for ten months, nor did he report the excessive force in his initial complaints to the police department. Weighing these factors it is clear that the force used to effectuate the arrest was objectively reasonable in light of the circumstances confronting the officers. Therefore the excessive force claim will be dismissed.

5

**IV.     CONCLUSION**

For the reasons stated herein, the Defendants' Motion for Summary Judgment will be

**GRANTED in part** for Officers Worsham and Riggins and for the excessive force claim against

Wyatt; it will be **DENIED in part** for the illegal search claim against Officer Wyatt.


Entered this 22nd day of May, 2008.


s/Jackson L. Kiser
Senior United States District Judge